## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| MARLOWE E. PARKER, JR. | CIVIL ACTION NO. 25-0968 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| KEVIN W. COBB, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Plaintiff Marlowe E. Parker, Jr., a prisoner at Franklin Parish Detention Center ("FPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately July 7, 2025, under 42 U.S.C. § 1983.  He names the following defendants: FPDC, Sheriff Kevin W. Cobb, Nurse Staff, Doctors Staff, Warden Griffin, and Head Nurse Dana.[1]

For reasons that follow, the Court should retain Plaintiff's claim that Nurse Dana failed to provide follow-up medical care.  The Court should dismiss Plaintiff's remaining claims.

### Background

Plaintiff claims that he never received any medical attention after he submitted an emergency sick call in June 2025 because he was bleeding from his rectum when he defecated, was in bad pain, and had lost "lots of blood."  [doc. #s 1, p. 4; 7, p. 4; 7-1].

Plaintiff states specifically that in his request for medical care he informed Head Nurse Dana that he was bleeding from his rectum and was hurting bad.  [doc. # 7, p. 4].  He alleges that Nurse Dana never called him "down to the medical department to even be evaluated," test his

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

blood, or check his vitals.  [doc. # 7, pp. 2, 4].  He alleges that although she told him to "get hemorrhoid medicine off the commissary and drink water," she failed to "see" him or "deal with [him] in any way to help [his] wellbeing[,] stop the bleeding[,] [or help with his] pain."  *Id.* at 2-3.

Plaintiff alleges that to date he is still in pain and bleeds when uses the restroom.  [doc. #s 1, p. 4; 7, p. 4].  He states that his condition "could be life threatening" and could be cancer.  *Id.* He has lost seven pounds of weight.  [doc. # 7, p. 3].

With respect to Sheriff Cobb, Plaintiff writes: "Sheriff Kevin W. Cobb was notified (he did nothing)."  [doc. # 7, p. 3].

Plaintiff claims that Warden Griffin denied his grievance and threw it away.  [doc. # 7, p. 4].

Plaintiff claims that FPDC lacks a physician on site.  [doc. # 7, pp. 1-2].  He alleges that every facility should have a physician on duty in case of emergency.  *Id.*

For relief, Plaintiff seeks medical treatment, compensation, punitive damages, and a transfer to a D.O.C. facility.  [doc. # 1, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Head Nurse Dana**

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of

professional judgment and does not support a finding of deliberate indifference.").

A. Initial Medical Care

As above, Plaintiff claims that he never received any medical attention after he submitted an emergency sick call because he was bleeding from his rectum when he defecated, was in bad pain, and had lost "lots of blood." [doc. #s 1, p. 4; 7, p. 4; 7-1]. He states specifically that in his request for medical care he informed Nurse Dana that he was bleeding from his rectum and was hurting bad. [doc. # 7, p. 4]. He claims that Nurse Dana never called him "down to the medical department to even be evaluated," test his blood, or check his vitals. [doc. # 7, pp. 2, 4]. Nurse Dana did, however, instruct him to "get hemorrhoid medicine off the commissary and drink water." *Id.* at 2-3.

Plaintiff pleads potential negligence or malpractice at best, simply disagreeing with the care Nurse Dana provided. While perhaps perfunctory, Nurse Dana's instructions to use hemorrhoid medicine and drink more water do not reflect deliberate indifference. *See Petzold v. Rostollan*, 946 F.3d 242, 250 (5th Cir. 2019) (observing, where a plaintiff fractured his ankle, that an instruction to ice the ankle was medical treatment because it was medical advice that the plaintiff could, and did, effectuate, and reasoning further, "[b]ecause medical treatment was provided, even if it was . . . based on a perfunctory and inadequate evaluation, it was not denied."); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (finding that a five-minute "evaluation" that led to no actual medical care was medical treatment); *Welsh v. Cammack*, 2024 WL 3649583, at *5 (5th Cir. Aug. 5, 2024) ("Dr. Cammack responded to Welsh's complaints and provided a recommendation on how to cope with his ailments. This does not establish deliberate indifference[.]"); *Miguel v. McLane*, No. 22-10517, 2024 WL 747232, at

\*6 (5th Cir. Feb. 23, 2024) ("[W]hen defendants administer some form of medical treatment, it is difficult for plaintiffs to establish deliberate indifference[.]").[3]

Nurse Dana did not ignore Plaintiff, intentionally treat him incorrectly, or engage in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Her alleged action (or inaction) does not reflect the type of "'cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help'" that the Fifth Circuit has "recognized as necessary to constitute deliberate indifference." *See Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014); *Zaunbrecher v. Gaudin*, 641 F. App'x 340, 346 (5th Cir. 2016) (defining deliberate indifference as "egregious intentional conduct"); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet.").

Plaintiff suggests further that Nurse Dana failed to examine him in person. However, that she did not examine him in person does not reflect deliberate indifference. *See Rogers v. Hierholzer*, 857 F. App'x 831, 833 (5th Cir. 2021) ("Rogers's claims that Dr. Smith was aware of his condition but did not appear to physically examine him or treat him does not support a conclusion that Dr. Smith treated him with deliberate indifference."); *Young v. McCain*, 760 F. App'x 251, 257 (5th Cir. 2019) ("[W]ith respect to his complaint regarding Dr. Gamble's video-

---

[3] *See also Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) ("With respect to Nunley's Eighth Amendment claim that Dr. Mills prescribed the wrong medication for his hemorrhoids, at best, Nunley has stated a claim of negligence, malpractice, or disagreement with treatment, which will not support a finding of deliberate indifference under the Eighth Amendment."); *Campbell v. Brown*, 756 F. App'x 386, 389 (5th Cir. 2018) ("[T]o the extent Campbell contends that Brown's treatment of his hemorrhoids was otherwise lacking, he merely disagrees with her professional decision-making or, at best, shows that she was negligent, neither of which amounts to deliberate indifference." *Miller v. Kalmanov*, 252 F. App'x 680, 681 (5th Cir. 2007); *Fonseca v. Kuykendall*, 34 F. App'x 152 (5th Cir. 2002).

enabled evaluation, Young is merely expressing a disagreement with a diagnostic measure . . . ."); *Kirby v. Johnson*, 243 F. App'x 877, 879 (5th Cir. 2007) (finding, where the plaintiff asserted that "his psychiatric medications were discontinued abruptly without sufficient examination of his medical records and without thorough medical examinations[,]" that the plaintiff's "claims constitute[d] a disagreement with medical treatment rather than a cognizable claim of deliberate indifference to a serious medical need under the Eighth Amendment.").

Plaintiff also claims that he did not receive care from a physician. To the extent he claims that he only received medical treatment from a nurse rather than a physician, he does not plead deliberate indifference. Plaintiff is not constitutionally entitled to see a doctor instead of a nurse because prisoners are not entitled to "the best [care] that money could buy . . . ." *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Kimble v. Correcthealth Jefferson, L.L.C.*, 2023 WL 3946437, at *2 (5th Cir. June 12, 2023) (finding no plausible claim where the plaintiff alleged that his facility's medical provider's reliance on nurses and nursing assistants "delayed his ability to meet with more 'educated' and 'qualified' health care professionals."); *Wilson v. Baucom*, 2023 WL 4288350, at *5 (5th Cir. June 30, 2023) (finding "none of the criteria to establish a credible" claim where the plaintiff was treated by a qualified mental health professional "instead of a doctor or some other more qualified health professional.").

Plaintiff also suggests that he should have received care at a hospital. Absent more, the lack of care from an "outside" or off-premises provider does not constitute deliberate indifference. *See Davis v. Hough*, 569 F. App'x 186 (5th Cir. 2014) (finding no deliberate indifference where the prisoner-plaintiff claimed that he was not sent to "an outside medial facility").

Ultimately, Plaintiff's disagreement or dissatisfaction with the initial care he received falls short of establishing deliberate indifference and does not, consequently, state a plausible claim. To the extent Plaintiff pleads negligence or malpractice, "mere negligence will not suffice to support a claim of deliberate indifference." *Mathis v. Alexander*, 49 F.3d 728 (5th Cir. 1995). If Plaintiff intends to pursue a negligence/malpractice claim, he should do so in state court. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . .").

B. Follow-Up Care

Plaintiff alleges that to date he is still in pain and bleeds when uses the restroom. [doc. #s 1, p. 4; 7, p. 4]. He states that his condition "could be life threatening" and could be cancer. *Id.* He has lost seven pounds of weight. [doc. # 7, p. 3].

Plaintiff suggests that after his both his initial request for care and Nurse Dana's alleged negligent response, he "filled out another sick call," but it was never answered, and he was "never seen or sent to the hospital[.]" [doc. # 7, p. 3]. He "never received any medicine . . . treatment, visits, [or] appointments at all at any time[.]" *Id.* at 4. He also filed an emergency request for care, stating that after Nurse Dana told him to buy hemorrhoid medicine and drink more water, he continues to suffer from pain, continues to bleed, and requires emergency care. [doc. # 7-1]. He faults Nurse Dana for failing to provide care after he submitted his additional requests for medical attention. [doc. # 7, p. 4].

Construing the claim liberally and in Plaintiff's favor, he plausibly alleges that Nurse Dana knew of yet disregarded a substantial risk of serious harm after he submitted his additional requests for care. The Court should retain this claim.

9

### 3. FPDC, Nurse Staff, Doctors Staff

Plaintiff names FPDC, Nurse Staff, and Doctors Staff as defendants.

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership."  LA. CIV. CODE art. 24.

Here, the Court should dismiss Plaintiff's claims against these defendants because they do not qualify as juridical persons.  *See Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . ."); *see also Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002).

### 4. Warden Griffin

Plaintiff claims that Warden Griffin denied his grievance and threw it away.  [doc. # 7, p. 4].

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ."  *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved.  *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his

constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

**5. Sheriff Cobb**

In total, Plaintiff claims: "Sheriff Kevin W. Cobb was notified (he did nothing)." [doc. # 7, p. 3]. This claim is impermissibly conclusory. Plaintiff does not specify, for instance, what he told Cobb or what Cobb knew otherwise; thus, he does not plausibly allege that Cobb knew of yet disregarded a substantial risk of serious harm. He also does not specify when he notified Cobb of any medical needs (i.e., whether before or after Nurse Dana provided medical care). Plaintiff simply does not supply enough detail to state a plausible claim of deliberate indifference to his medical needs. The Court should dismiss this claim.

<u>**Recommendation**</u>

For the reasons above, **IT IS RECOMMENDED** that with the exception of Plaintiff Marlowe E. Parker, Jr.'s claim that Nurse Dana failed to provide follow-up medical care, Plaintiff's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of November, 2025.


Kayla Dye McClusky
United States Magistrate Judge